SHERWOOD SHOE CO. et al. v. WIX.

In re WIX.

(Circuit Court of Appeals, Fourth Circuit. February 14, 1917.)

No. 1485.

1. BANKRUPTCY ⊕══409(1)—DENIAL OF DISCHARGE—GROUNDS—FAILURE TO KEEP BOOKS—INTENT.

Under Bankr. Act July 1, 1898, c. 541, § 14b (2), 30 Stat. 550, as amended by Act Feb. 5, 1903, c. 487, § 4, 32 Stat. 797 (Comp. St. 1913, § 9598), entitling a bankrupt to discharge unless he has with intent to conceal his financial condition destroyed, concealed, or failed to keep books of ac-

count or records from which such condition might be ascertained, the mere failure to keep books, or keeping such books as in fact deceive creditors as to the bankrupt's condition if kept without purpose to conceal, is insufficient to prevent a discharge.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 752–757.]

2. BANKRUPTCY ⊕⊐414(3)—DENIAL OF DISCHARGE—FAILURE TO KEEP BOOKS— EVIDENCE OF INTENT.

The fact that a bankrupt had for ten years adopted the same method or lack of method of bookkeeping refutes a presumption that he had adopted such method for the purpose of concealing his financial condition.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 722.]

Appeal from the District Court of the United States for the Western District of South Carolina, at Greenville; Joseph I. Johnson, Judge.

In the matter of John W. Wix, bankrupt. From a decree of the District Court granting a discharge to the bankrupt over the objection of Sherwood Shoe Company and another (236 Fed. 262), the objecting creditors appeal. Affirmed.

M. L. Marion, of Chester, S. C. (J. H. Marion, of Chester, S. C., on the brief), for appellants.

David Hamilton, of Chester, S. C. (Gaston & Hamilton, of Chester, S. C., on the brief), for appellee.

Before KNAPP and WOODS, Circuit Judges, and DAYTON, District Judge.

DAYTON, District Judge. [1] In this case creditors are objecting to the granting of a discharge to the bankrupt. Their objections are based solely upon section 14, par. "b," cl. 2, of the Bankrupt Act, providing that the bankrupt shall be granted a discharge unless he has, "with intent to conceal his financial condition, destroyed, concealed, or failed to keep books of account or records from which such condition might be ascertained." Analyzing this statutory provision, it is clear that its sole purpose is to condemn a design on the part of a bankrupt to conceal his financial condition by either (a) destroying his books of accounts or records, or (b) concealing them, or (c) failing to keep them. It cannot be construed to require any particular system of bookkeeping, nor can it be construed to require the keeping of books at all. The books kept may be so faulty and deficient as to in fact deceive creditors as to the bankrupt's financial condition, yet, if they have been so kept with no purpose to conceal such condition, the inhibition of this statute does not apply. Congress emphasized this construction when by the amendments of 1903 it struck out the words "fraudulent" before the word "intent," "true" before the words "financial condition," and the words "and in contemplation of bankruptcy" following the words "financial condition." As said in Re Marcus & Scherr (D. C.) 192 Fed. 743, 27 Am. Bankr. R. 164:

"The intent to conceal one's financial condition is a separate fact from the keeping of the books. The reasonable consequences of keeping imperfect books may be a concealment of one's financial condition, if the occasion ever arises when they are scrutinized, and that fact would be enough to charge one with responsibility for that result, if the law forbade keeping imperfect books.

The general intent of the criminal law is of this kind, 'it only means that the actor must be aware of his acts, and then charges him with such consequences as would naturally follow from them, regardless of whether he had these in mind or not. When, however, as is sometimes the case, the law attaches no responsibility to an act unless the actor does have in mind the specific consequences, it is necessary as an additional element to prove that state of mind. This is such a case. Moreover, since the intent to conceal is different from the intent to keep imperfect books, the objectors must go further than to show merely that the bankrupts intended to keep the kind of books they kept; for they must show also that they intended these books to conceal from somebody—which must be their creditors—their financial condition. That involves not only knowledge of how the books were kept, but some anticipation that at a future time they might be examined by creditors and would then fail to enlighten them upon all the facts."

See Collier on Bankruptcy (9th Ed.) p. 346 et seq., and authorities cited.

[2] We fully concur with the court below that the fact that Wix had for ten years adopted the same method or lack of method of bookkeeping refutes the presumption that he had adopted such method for the purpose of concealing from his creditors his financial condition. The use of the word "deceiving" by the court below in this connection we regard as merely inadvertent. We do not desire to be understood as denying that the books kept, or the methods of bookkeeping adopted, in some cases may present internal evidence of this forbidden intent to conceal; but the case here is not of that character.

The decree of the court below must be affirmed.